UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-62805-CIV-SINGHAL

REBECCA SCHADER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on the Plaintiff Rebecca Schader's Motion for Summary Judgment with Supporting Memorandum of Law ("Plaintiff's Motion") (DE [22]) and Defendant Andrew Saul's, Commissioner of the Social Security Administration, Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment ("Defendant's Motion") (DE [23]). In this case, Plaintiff Rebecca Schader ("Plaintiff") seeks judicial review of a final decision of the Commissioner of the Social Security Administration, which denied Plaintiff's application for disability insurance benefits and supplemental social security income under the Social Security Act, 42 U.S.C. § 401, *et seq*. *See* (Compl. (DE [1-1]), Nov. 11, 2019).

This case was referred to the Honorable Alicia O. Valle, United States Magistrate Judge ("Judge Valle"), for a ruling on all pre-trial, non-dispositive matters, and a report and recommendation on any dispositive matters, pursuant to 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. Judge Valle issued a Report and Recommendation to District

Judge ("Report & Recommendation") (DE [25]) on February 18, 2021.  In the Report & Recommendation, Judge Valle recommends Plaintiff's Motion (DE [22]) be denied, Defendant's Motion (DE [23]) be granted, and the Administrative Law Judge's ("ALJ") decision be affirmed.  Plaintiff's Objections to the Magistrate Judge's Report and Recommendations ("Plaintiff's Objections") (DE [26]) were timely filed on March 4, 2021.  The Court did not order a reply; accordingly, the matter is now ripe for review.

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's report and recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the magistrate's findings and recommendations.  28 U.S.C. § 636(b)(1).  On the other hand, if a party files objections, the district court must determine de novo any part of the magistrate judge's disposition that is the subject of a proper objection.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).  The Court has carefully reviewed the Report & Recommendation (DE [25]), the Motions, Plaintiff's Objections (DE [26]), the record in this case, the applicable law, and is otherwise fully advised.  In addition, the Court has conducted a *de novo* review of the Report & Recommendation (DE [25]) in light of the Plaintiff's Objections (DE [26]).  *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *see also Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue.").  For the reasons set forth below, the Court finds Judge Valle's Report & Recommendation (DE [25]) to be well-reasoned and the analysis contained therein to be correct.

## I. BACKGROUND

There is no need to rework the facts and background well-articulated by Judge Valle. This Court adopts Judge Valle's description of the administrative history and the record below, Report & Recommendation (DE [25], at 1–9), and incorporates that background by reference herein.

## II. LEGAL STANDARD

Judicial review of the ALJ Decision is limited to whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis*, 125 F.3d at 1439); *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (stating that substantial evidence is "more than a mere scintilla, but less than a preponderance") (internal quotation and citation omitted). A court, however, "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks and citations omitted); *Packer v. Comm'r of Soc. Sec.*, 542 Fed. Appx. 890, 891 (11th Cir. 2013) ("[W]e may not reweigh the evidence or substitute our judgment for that of the ALJ." (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005))). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).  In contrast, review of the ALJ's application of legal principles is plenary.  *See Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995).  Critical to the Court's review of the Report & Recommendation (DE [25]) in this case, courts "may not reweigh the evidence or decide facts anew, and must defer to the ALJ's decision if it is supported by substantial evidence. . . ." *Baez v. Comm'r of Soc. Sec.*, 657 Fed. Appx. 864, 868 (11th Cir. 2016) (citing *Dyer*, 395 F.3d at 1210); *see also Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].") (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir.2004).

### III.   DISCUSSION

Upon conducting a *de novo* review, the Court finds Judge Valle's Report & Recommendation (DE [25]) to be well reasoned and correct, and the Court agrees with the analysis set forth therein.  In response to the Report & Recommendation (DE [25]), Plaintiff raises four Objections (DE [26]), which are framed as follows: (1) the ALJ improperly assigned 'little weight' to the medical expert Dr. Goldstein's testifying opinion; (2) the ALJ failed to articulate the weight he accorded the opinion of the psychological consultative examiner, Dr. Gordon, and otherwise failed to explain why he disregarded said opinion; (3) the ALJ'S RFC Finding is not supported by the substantial evidence of record; and (4) the ALJ failed to properly assess the claimant's alleged symptoms and limitations.

These objections are all due to be overruled for three reasons.  First, Plaintiff's objections are improper because they largely expand upon and reframe arguments already presented and considered by Judge Valle in the Report & Recommendation (DE

[25]), or they simply disagree with the Report's conclusions. It is well settled that an objecting party may not "submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

> "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 Fed. Appx. at 783–84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 Fed. Appx. at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

*Borges v. Berryhill*, No. 17-22114-CIV, 2018 WL 1083964, at *1 (S.D. Fla. Feb. 27, 2018), *aff'd sub nom. Borges v. Comm'r of Soc. Sec.*, 771 Fed. Appx. 878 (11th Cir. 2019). The Objections (DE [26]) lack specificity regarding the Report & Recommendation's (DE [25]) alleged errors. Instead, Plaintiff simply restates the same arguments originally presented

5

to Judge Valle without identifying how the analysis in the Report & Recommendation (DE [25]) was erroneous.  *See e.g.,* (Pl. Obj. (DE [26]), at 3) ("Therefore, remand is justified, in that the impact of the ALJ's error **may affect the substantial evidence evaluation**.") (emphasis added); *id.* at 7 ("Instead, it **appears the ALJ relied on his own characterization of the record**, which fails to adequately appreciate the subjective complaints and their relationship to the objective medical findings.") (emphasis added); *see also id.* at 8 ("In fact, **the ALJ here appears to be making a determination as to the severity of Schader's impairments based on his own inaccurate characterization of the record**, but the ALJ is not in a better position to know whether Schader's subjective complaints were reasonably supported by the objective findings."). Such generalized objections and broad conjectures are improper.

Second, Plaintiff's Objections (DE [26]) must be overruled because each objection, in essence, requests that this Court "reweigh the evidence or decide facts anew," rather than affording the requisite amount of deference to the ALJ's Decision, where supported by substantial evidence in the record.  *Baez*, 657 Fed. Appx. at 868 (citing *Dyer*, 395 F.3d at 1210); *see also Bloodsworth*, 703 F.2d at 1239 ("In reviewing claims brought under the Social Security Act, [courts'] role is a limited one. [They] may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the Secretary.").  Thus, Plaintiff's Objections (DE [26]) to the ALJ's alleged error in evaluating and assigning proper weight to the evidence in the record, and her objections to Judge Valle's determinations that substantial evidence supported the ALJ Decision, are without merit. Indeed, the Eleventh Circuit has held that where the ALJ's decision discusses the physician's finding within his determination, and the findings are consistent with the

6

record, then the ALJ's failure to state what weight he gave the examining physician was harmless error. *See Kaplowitz v. Comm'r of Soc. Sec.*, 806 Fed. Appx. 711, 717–18 (11th Cir. 2020) (finding failure to state with particularity the weight given to a medical opinion was "harmless error because it did not affect the ALJ's ultimate decision.") (citation omitted); *Caldwell v. Barnhart*, 261 Fed. Appx. 188, 190-91 (11th Cir. 2008) (holding the ALJ's error in failing to assign weight to a medical provider's opinion was harmless because the ALJ had discussed the physician's findings within the determination and the findings were not inconsistent with the record). The Court should affirm the ALJ Decision where, as here, "the decision was supported by substantial evidence . . . defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1281 (11th Cir. 2004) (internal quotations and citations omitted); *see also Fiebel v. Comm'r of Soc. Sec.*, No. 18-80642, 2019 WL 4694220, at *1 (S.D. Fla. Aug. 15, 2019). Judge Valle's Report & Recommendation (DE [25]) discusses in detail the relevant (and irrelevant) evidence considered in the ALJ Decision, and upon an independent review of the record, the Court agrees with the Report's reasoning, conclusions, and recommendations. Plaintiff's Objections (DE [26]) are therefore overruled.

Finally, the Court finds there is substantial evidence supporting the ALJ's determination that Plaintiff is not disabled. "After a magistrate judge has issued a report and recommendation under § 636(b)(1)(B), a party that wishes to preserve its objection **must clearly advise the district court and pinpoint the specific findings that the party disagrees with**." *United States v. Schultz*, 565 F.3d 1353, 1360–61 (11th Cir.

2009) (emphasis added).  Here, Plaintiff merely restate arguments made in the Motions before this Court, which is not a proper form of objection.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation to District Judge (DE [25]) is **AFFIRMED** and **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment with Supporting Memorandum of Law (DE [22]) is **DENIED**.

3. The Defendant's Motion for Summary Judgment with Supporting Memorandum of Law and Response to Plaintiff's Motion for Summary Judgment (DE [23]) is **GRANTED**.

4. Plaintiff's Objections to the Magistrate Judge's Report and Recommendations (DE [26]) are **OVERRULED**.

5. Furthermore, the Administrative Law Judge's Decision is **AFFIRMED**.

6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

7. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 19th day of March 2021.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF